RECEIVED

5/22/2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KG CAT 2

24CV4252

JUDGE WOOD
MAGISTRATE JUDGE KIM

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jason Smith, | ) | |
| | ) | |
| Plaintiff, | ) | **C O M P L A I N T** |
| v. | ) | |
| | ) | **JURY TRIAL DEMAND** |
| AFSCME COUNCIL 31, Local 3477 | ) | |
| | ) | |
| Defendant | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Jason Smith. As alleged with greater particularity in paragraphs 10-14 below, AFSCME COUNCIL 31, Local 3477 ("the Union") discriminated against Smith because of his race, Black, and retaliated against him because he made several charges, testified, assisted and participated in protective activty, when it failed to challenge the arbitrator's decision that did not align with the collective bargaining agreement and present factual information during arbitration.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

PARTIES

3.      Plaintiff Jason Smith ("Smith") was a probation officer and associated with the defendant through their legal representation of all members of the bargaining unit as a labor organization.

4.      At all relevant times, Defendant, AFSCME Council 31, Local 3477, has continuously been a labor organization which deals with employers concerning terms and conditions of employment, and has continuously had at least 15 members.  At all relevant times, the Union has been the recognized as the collective bargaining representative for employees of Chief Judge of County for Cook County Juvenile Probation Officers.

5.      At all relevant times, Defendant Union has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 701(d) and (e) of Title VII, 42 U.S.C. §§ 2000e(d) and (e).

ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Jason Smith filed a charge with the Commission alleging violations of Title VII by Defendant Union.

7.      On February 27, 2024, the Commission issued to the Plaintiff a Letter of Determination.

8.      On February 27, 2024, the Commission issued to the Plaintiff a right to sue letter.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10.     Since at least June 14, 2018, Defendant Union has engaged in unlawful employment practices at Cook County Juvenile Probation, in violation of Section 703(c) of Title VII, 42 U.S.C. 2000(e)-2.

11.     Defendant Union discriminated against Smith, and caused the Chief Judge to discriminate against Smith, because of his race when it failed to present factual information in arbitration, and challenge the arbitration decision as it did in the case of non-Black members who were awarded outside the terms of the collective bargaining agreement.

12.     Defendant Union retaliated against Smith  because he made several charges, testified, assisted and participated in previous lawsuits against the Union, which is protected activities, when it failed to challenge the arbitrator's decision and present factual information during the arbitration hearing as it did in the case of non-Black members who were awarded outside the terms of the collective bargaining agreement.

13.     The effect of the practices complained of in paragraphs 10-13 above has been to deprive Jason Smith of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race and to retaliate against him because of his actions.

14.     The unlawful employment practices complained of in paragraphs 10 -13 above were and are intentional.

15.     The unlawful employment practices complained of in paragraphs 10 -13 above were and are done with malice or with reckless indifference to the federally protected rights of Jason Smith.

## PRAYER FOR RELIEF

Wherefore, the plaintiff respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Union, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of race and retaliating based on protected activity.

B.      Order Defendant Union to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Union to make whole Jason Smith, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, and making catch-up payments to ensure that Jason Smith's eventual pension payments are not diminished as a result of the Union's discrimination.

D.      Order Defendant Union to make whole Jason Smith by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 10-14 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

E.      Order Defendant Union to pay Jason Smith punitive damages for its malicious and reckless conduct, as described in paragraphs 10 through 14 above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

<u>JURY TRIAL DEMAND</u>

The plaintiff requests a jury trial on all questions of fact raised by its complaint.

<u>Jason Smith</u>
Jason Smith
Pro Se
3515 W. Cermak
Chicago, IL 60623
Email:JASON_SMITH54@YAHOO.COM

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website:  www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/27/2024

**To:** Jason Smith
3515 W. Cermak
Chicago, IL 60623

Charge No: 440-2024-03116

EEOC Representative and email:     JENNIFER GARCIA
Investigator Support Assistant
jennifer.garcia@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2024-03116.

On behalf of the Commission,

Digitally Signed By: Amrith Kaur Aakre
02/27/2024
Amrith Kaur Aakre
District Director

**Cc:**  AFSCME Council 31

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2024-03116 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Thomas Colclough, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2024-03116 to the District Director at Thomas Colclough, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.