IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24-cv-04252 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| AFSCME COUNCIL 31, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants' motion to dismiss [15] is denied. Consistent with Fed. R. Civ. P. 12(a)(4)(A) Defendant shall answer the complaint by 3/26/2025. Telephonic status hearing set for 3/13/2025 [29] remains firm. See the accompanying Statement for details.

## STATEMENT

Plaintiff Jason Smith worked for the Office of the Chief Judge of the Circuit Court of Cook County ("OCJ") as a juvenile probation officer until he was discharged for misconduct. After Smith filed a grievance regarding his discharge, his union, Defendants AFSCME Council 31 and AFSCME Local 3477 (collectively, "Union") initiated an arbitration. Ultimately, the arbitrator issued a decision upholding Smith's discharge ("Award"). Although Smith wanted to challenge the Award in Illinois state court, the Union declined to do so. Smith now contends in this lawsuit that the Union discriminated against him based on his race, Black, and in retaliation for opposing its discrimination when it declined to challenge the Award, and therefore he asserts claims against the Union under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Before the Court is the Union's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 15.)

Smith's complaint is sparse on details. First, it alleges that Smith worked as a probation officer for the OCJ and was a member of the Union. (Compl. ¶¶ 3–4, Dkt. No. 8.) Then, the complaint goes on to allege that the Union discriminated against Smith because of his race, Black, and in retaliation for his participation in previous lawsuits against the Union, when "it failed to present factual information in arbitration, and challenge the [Award] as it did in the case of non-Black members who were awarded outside the terms of the collective bargaining agreement." (*Id.* ¶ 11.)

In its motion to dismiss, the Union supplies numerous additional details through documents of which it asks the Court to take judicial notice. Among the documents it seeks to introduce is the Award that Smith believes the Union should have challenged through an appeal to state court. At bottom, the Union's motion asks this Court to determine based on the substance of

the Award that appealing would have been futile. Put simply, the Union asserts that the Court should dismiss Smith's complaint with prejudice because the futility of an appeal of the Award necessarily refutes Smith's claim that the Union's decision not to appeal was based on any discriminatory animus or retaliatory motivation.

Many of the documents the Union has submitted to the Court, including the Award, are judicially noticeable. *E.g.*, *Prieto v. City of Chicago*, No. 22-cv-04794, 2023 WL 8451812, at *1 (N.D. Ill. Dec. 6, 2023) ("The Court takes judicial notice of the arbitration award as it would a judicial decision."). However, the purpose for which the Union seeks to introduce the Award is not a proper matter for judicial notice. "A court may not take judicial notice of proceedings or records in another case so as to supply, without formal introduction of evidence, facts essential to support a contention in a case then before it." *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 244 F. Supp. 3d 716, 720 (N.D. Ill. 2017) (internal quotation marks omitted). Here, this Court cannot take judicial notice of the Award to evaluate the arbitrator's assessment of the facts or the strength of his legal reasoning to then determine whether the Union is correct in claiming that a potential appeal would have been futile. *See, e.g.*, *Blye v. Cal. Sup. Ct.*, No. CV 11-5046-DWM, 2014 WL 295022, at *1 (N.D. Cal. Jan. 21, 204) ("A request for judicial notice is not a proper vehicle for legal argument.").

Since the Union's entire motion to dismiss hinges on the Union's request for judicial notice, the Court's rejection of that request leaves no other basis for it to dismiss Smith's complaint without converting the motion to one for summary judgment pursuant to Rule 12(d). Both parties oppose converting the Union's motion to one for summary judgment. Consequently, the Court denies the Union's motion to dismiss.

Dated: March 12, 2025

_____
Andrea R. Wood
United States District Judge